| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION TO** |
| v. | ) | **DISMISS THE MISDEMEANOR** |
| | ) | **INDICTMENT** |
| FRANCISCO JAVIER MONTOYA-BARBOZA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rules 12 and 18 of the Federal Rules of Criminal Procedure, Francisco Montoya-Barboza, through counsel, respectfully moves the Court to dismiss the indictment, which charges Mr. Montoya-Barboza with the petty misdemeanor offense of Improper Entry of an Alien.  ECF No. 1.  The government's decision to bring this charge in the District of Minnesota, despite there being no allegation that Mr. Montoya-Barboza improperly entered the United States in the District of Minnesota, violates the constitutional venue requirements that crimes be prosecuted in the district where the alleged crime occurred.  As a result, the Court should dismiss the charge.

## I.     BACKGROUND

Solely for purposes of litigating this Motion to Dismiss, Mr. Montoya-Barboza assumes as true the government's allegations in the indictment.  *See United States v. Hardaway*, 999 F.3d 1127, 1131 (8th Cir. 2021) (determining whether the "indictment on its face supports venue in the Eastern District of Missouri").  The government alleges that on or about December 22, 2025, in the State and District of Minnesota, Mr. Montoya-

Barboza was an alien who was "found in" the United States after having entered at a place other than designated by immigration officers and having knowingly eluded examination and inspection by immigration officers, in violation of 8 U.S.C. § 1325(a)(1). ECF No. 1. The government does not allege Mr. Montoya-Barboza entered the United States in the District of Minnesota. The government does not allege Mr. Montoya-Barboza eluded examination and inspection by immigration officers in the District of Minnesota. Instead, the government merely alleges that, at some point *after* his improper entry into the United States, Mr. Montoya-Barboza was "found in" the District of Minnesota. *Id.* This is insufficient to satisfy the constitutional requirements of proper venue.

## II. ANALYSIS

Proper venue is enshrined in both Article III and the Sixth Amendment. *United States v. Banks*, 706 F.3d 901, 904 (8th Cir. 2013). Article III provides: "The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the state *where the said crimes shall have been committed . . . .*" U.S. Const. Art. III, § 2, cl. 3 (emphasis added). The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district *wherein the crime shall have been committed . . . .*" U.S. Const. Amend. VI (emphasis added). This "guarantees a trial in the district where the alleged crime occurred." *United States v. Rivera-Mendoza*, 682 F.3d 730, 733 (8th Cir. 2012).

The locus delicti, or the place of the wrong, "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 5 (1998) (citation omitted). "In performing this inquiry, a court must

initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). Only "essential conduct elements," rather than "circumstance element[s]," may serve as the basis for venue. *Id.* at 280 n.4.

8 U.S.C. § 1325(a)(1) criminalizes any alien who "enters or attempts to enter the United States at any time or place other than as designated by immigration officers . . . ."[1] This so-called Improper Entry statute became law in its current form under the Immigration and Nationality Act of 1952. The venue statute for Improper Entry, codified at 8 U.S.C. § 1329, provides the offense can be charged any place "at which the violation may occur" or "at which the person . . . may be apprehended." 8 U.S.C. § 1329. While this statute purports to provide venue in the district of arrest, the Constitution restricts venue to only the district where the crime occurred. *Banks*, 706 F.3d at 904. Thus, § 1329 is unconstitutional as applied to Mr. Montoya-Barboza's alleged offense.

---

[1] Notably, the government's indictment also alleges Mr. Montoya-Barboza "knowingly eluded examination and inspection by immigration officers," in addition to "having entered at a place other than designated by immigration officers." ECF No. 1. The former provision (Eluding) is criminalized by 8 U.S.C. § 1325(a)(2), whereas the latter provision (Improper Entry) is criminalized by 8 U.S.C. § 1325(a)(1). The indictment cites to only § 1325(a)(1). ECF No. 1.

In any event, neither the Improper Entry offense nor the Eluding offense are continuing offenses that last until the moment a person is "found in" the United States. *See, e.g.*, *United States v. Gomez*, 38 F.3d 1031, 1034–35 (8th Cir. 1994); *United States v. Corrales-Vazquez*, 931 F.3d 944, 948 (9th Cir. 2019). And, crucially for the instant Motion to Dismiss, the government does not allege Mr. Montoya-Barboza improperly entered the United States or eluded inspection in the District of Minnesota. See ECF No. 1. The government's sole "hook" for venue is that Mr. Montoya-Barboza was "found in" the District of Minnesota. But because § 1325 is not a continuing offense, being "found in" the District of Minnesota is not sufficient to satisfy the constitutional requirements of proper venue. *See Rivera-Mendoza*, 682 F.3d at 733.

The Improper Entry offense begins and ends in the district of improper entry into the United States. *United States v. Diaz-Diaz*, 135 F.3d 572, 575 (8th Cir. 1998) ("Entry and attempted entry generally occur when an illegal alien enters or attempts to enter through a recognized port of entry."). Unlike the Illegal Reentry offense at 8 U.S.C. § 1326, the Improper Entry offense at § 1325 does not continue until the point the person is "found in" the United States. *United States v. Gomez*, 38 F.3d 1031, 1034–35 (8th Cir. 1994) ("In contrast to entry and attempted entry, a 'found in' violation [like § 1326] is a continuing violation that is not complete until the alien is 'discovered' by immigration authorities.").

In 1958, shortly after enactment of the Improper Entry offense, the Supreme Court in dicta explained that, because "'entry' is limited to a particular locality and hardly suggests continuity," § 1325(a) is "not [a] continuing" offense. *United States v. Cores*, 356 U.S. 405, 408 n.6 (1958). While that was dicta,[2] the courts of appeal that have subsequently analyzed the issue have agreed the crime of Improper Entry is *not* a continuing offense. *See United States v. Cavillo-Rojas*, 510 F. App'x 238, 249 (4th Cir. 2013) (unpublished) ("[A] § 1325(a) offense is completed at the time of the defendant's illegal entry, and the

---

[2] *See In re Pre-Filled Propane Tank Antitrust Litigation*, 860 F.3d 1059, 1064 (8th Cir. 2017) (en banc) ("Appellate courts should afford deference and respect to Supreme Court dicta, particularly where, as here, it is consistent with longstanding Supreme Court precedent.").
The Supreme Court in *Cores* went on to explain that, because Improper Entry is not a continuing offense, Congress enacted § 1329 in an attempt to allow Improper Entry to be prosecuted in the place of apprehension. *Cores*, 356 U.S. at 408 n.6. While the Court noted this legislative history, the Court had no occasion to decide the constitutionality of § 1329 as applied to a prosecution for Improper Entry brought outside the district of improper entry into the United States.

statute of limitations begins running at that point."); *United States v. Pruitt*, 719 F.3d 975 (9th Cir. 1983) ("A violation of § 1325 occurs only at the time of entry and does not continue thereafter."); *United States v. Rincon-Jimenez*, 595 F.2d 1192, 1193–94 (9th Cir. 1979) ("Because these examinations and inspections are to take place at the time of entry, a fixed point in time, . . . the offense described by [§ 1325] is consummated at the time an alien gains entry through an unlawful point and does not submit to these examinations."); *see also United States v. Corrales-Vazquez*, 931 F.3d 944, 948 (9th Cir. 2019) ("Taking into account the statutory text and context, we reject the government's reading of § 1325(a)(2) and hold that the crime of 'elud[ing] examination or inspection by immigration officers' can be committed only where and when examinations or inspections take place—at open ports of entry.").

This longstanding caselaw is consistent with longstanding Supreme Court precedent, which requires "that the doctrine of continuing offenses should be applied in only limited circumstances." *Toussie v. United States*, 397 U.S. 112, 115 (1970). It is also consistent with Eighth Circuit caselaw, which explains that "[e]ntry and attempted entry generally occur when an illegal alien enters or attempts to enter through a recognized port of entry." *Diaz-Diaz*, 135 F.3d at 575; *see also Gomez*, 38 F.3d at 1034–35 ("In contrast to entry and attempted entry, a 'found in' violation is a continuing violation that is not complete until the alien is 'discovered' by immigration authorities."). Because the Improper Entry offense can only be committed in the district of improper entry into the United States, the constitutional venue provisions permit this charge to be brought in only

the district of improper entry into the United States.  *See Rivera-Mendoza*, 682 F.3d are

733.

**III.  CONCLUSION**

Because (a) Improper Entry is committed and completed upon improper entry into the United States; (b) the Constitution requires venue in the district where the crime is committed; and (c) the government does not allege Mr. Montoya-Barboza entered the United States in the District of Minnesota, 8 U.S.C. § 1329 is unconstitutional as applied to Mr. Montoya-Barboza.  In other words, the government cannot rely on § 1329 to establish proper venue in the District of Minnesota where the charged offense did not occur in the District of Minnesota.  *See Rivera-Mendoza*, 682 F.3d are 733.  To the extent § 1329 might be taken to imply otherwise, the statute violates Article III, section 2, clause 3 and the Sixth Amendment.  *See Diaz-Diaz*, 135 F.3d at 577 ("[I]t is incongruous to assert that a statute could effectively authorize the prosecution of a completed offense in a district in which no part of that offense occurred, when the Constitution mandates otherwise.").

Mr. Montoya-Barboza respectfully requests that the Court dismiss the indictment.[3] *See United States v. Pietrantonio*, 637 F.3d 865, 872 (8th Cir. 2011) (concluding the district court had erred by not granting a motion to dismiss the indictment for improper venue).

---

[3] On February 18, 2026, undersigned and the assigned SAUSA met and conferred by telephone to discuss this Motion.  The parties were not able to narrow any disputed issues, but the conversation is ongoing, and the parties will update the Court if necessary prior to the motions hearing.

Dated: February 19, 2026

Respectfully submitted,

*s/ Matthew Deates*

MATTHEW DEATES
Attorney ID No. 0400318
Attorney for Mr. Montoya-Barboza
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415