UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
        v. )
)
FRANCISO JAVIER MONTOYA- )
BARBOSA., )
)
        Defendant. )
)

No. 26-mj-20 (LIB)

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**

## INTRODUCTION

The defendant moves to dismiss the indictment for improper venue, arguing that a violation of 8 U.S.C. § 1325(a)(1) is complete at the moment of improper entry and therefore may be prosecuted only in the district where entry occurred. The motion should be denied. Congress expressly authorized prosecution of § 1325 offenses in the district where the defendant is apprehended. 8 U.S.C. § 1329. The indictment alleges that the defendant was apprehended in the State and District of Minnesota. At this stage, that allegation is sufficient. The defendant's motion rests on a constitutional challenge to § 1329 that is unsupported by controlling precedent and contrary to the statute's plain text.

## I. Governing Venue Principles

The Constitution provides that trial shall be held in the State where the crime "shall have been committed." U.S. Const. art. III, § 2, cl. 3; amend.

VI. The Supreme Court has instructed that, "The locus delicti must be determined from the *nature of the crime* alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 6 (1998)(emphasis added). In conducting that analysis, courts identify the conduct constituting the offense and determine where that conduct occurred. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). At the same time, federal statutes are presumed constitutional, and courts are obligated to give effect to Congress's express statutory directives unless controlling authority requires otherwise.

## II. Congress Expressly Authorized Venue in the District of Apprehension

Section 1329 provides in relevant part "Notwithstanding any other law, such prosecutions or suits may be instituted at any place in the United States at which the violation may occur or at which the person charged with a violation under section 1325 or 1326 of this title may be apprehended." 8 U.S.C. § 1329). The statute expressly authorizes prosecution of § 1325 offenses in the district where the defendant "may be apprehended." The indictment alleges that on or about December 22, 2025, in the State and District of Minnesota, the defendant was found in the United States by immigration officers in violation of § 1325(a)(1). That allegation places apprehension in this district. The defendant does not dispute that he was apprehended in Minnesota. Instead, he argues that § 1329 is unconstitutional

2

as applied because improper entry is complete at the moment of entry. No controlling Supreme Court or Eighth Circuit decision has declared § 1329 unconstitutional. The cases cited by the defendant address whether § 1325 constitutes a "continuing offense" for statute-of-limitations purposes. They do not invalidate Congress's express authorization of venue in the district of apprehension. Absent binding authority striking down § 1329, this Court should apply the statute as written.

## III. The Defendant's Motion Seeks a Constitutional Ruling That Is Neither Required Nor Supported by Precedent

Federal statutes carry a strong presumption of constitutionality. "Due respect for the decisions of a coordinate branch of Government demands that we invalidate a congressional enactment only upon a plain showing that Congress has exceeded its constitutional bounds." *United States v. Morrison*, 529 U.S. 598, 607 (2000). The defendant's argument ultimately asks this Court to hold that Congress lacks authority to authorize venue in the district of apprehension for § 1325 prosecutions. That is a substantial constitutional claim. The burden rests on the party challenging the statute to establish its invalidity. Here, § 1329 reflects Congress's considered judgment that immigration offenses may be prosecuted either where the violation occurred or where the defendant is apprehended. The defendant identifies no controlling precedent holding that such a venue provision violates Article III

or the Sixth Amendment. Because the indictment alleges apprehension in Minnesota and § 1329 expressly authorizes prosecution in that district, dismissal is not warranted.

Immigration offenses are uniquely transitory in nature. An improper entry may occur at a remote border location, yet the individual may travel hundreds or thousands of miles before being encountered by federal authorities. Congress recognized this practical reality. Rather than tether prosecution exclusively to the geographic point of entry, Congress enacted 8 U.S.C. § 1329 to account for the fluid movement inherent in immigration cases and to ensure that enforcement is not artificially confined to border districts alone. By authorizing prosecution "at any place … at which the person charged … may be apprehended," § 1329 reflects a deliberate legislative judgment that immigration violations often come to light far from the site of entry. That determination is neither arbitrary nor novel; it is a pragmatic response to the mobility that defines immigration offenses and the nationwide scope of federal enforcement authority.

Immigration offenses are uniquely fluid and difficult to detect at the moment they occur. Improper entries often take place at remote or unmonitored locations, and individuals may travel substantial distances before coming into contact with immigration authorities. Congress was well aware, that unlawful entry can be accomplished in countless ways that evade

immediate detection. Limiting venue exclusively to the district of entry would, as a practical matter, reward successful evasion by confining prosecution to a location that may be geographically distant, logistically burdensome, or disconnected from where the violation is ultimately discovered. Section 1329 reflects Congress's pragmatic recognition of this enforcement reality by authorizing prosecution not only where the violation occurred but also where the defendant is apprehended. That construction accords with the settled principle that statutes are interpreted according to common sense and should not be construed to produce absurd or impractical results. See, e.g., United *States v. Turkette*, 452 U.S. 576, 580 (1981) (statutes are interpreted according to their "ordinary meaning" and in a manner consistent with their evident purpose). Interpreting § 1329 to permit venue in the district of apprehension gives effect to Congress's deliberate accommodation of the transitory nature of immigration offenses and avoids a construction that would undermine enforcement in precisely the circumstances Congress anticipated.

## IV. At a Minimum, Venue Is Sufficiently Alleged at the Pleading Stage

At the pretrial stage, courts evaluate venue based on the indictment's allegations. The indictment alleges that the defendant was apprehended in Minnesota and that the offense violated § 1325(a)(1). Section 1329 expressly

authorizes prosecution in the district of apprehension. That is sufficient at this stage.

CONCLUSION

Because Congress expressly authorized prosecution of § 1325 offenses in the district where the defendant is apprehended, and because the indictment alleges apprehension in Minnesota, the defendant's motion to dismiss for improper venue should be denied.

Respectfully submitted,

DATED: March, 3, 2026

DANIEL ROSEN
United States Attorney

Flavio Abreu
Special Assistant United States Attorney